PEOPLE *v.* LEWEN.

1. CRIMINAL LAW — TRIAL — ARGUMENT OF COUNSEL — ERROR TO COMMENT ON FACT THAT ACCUSED HAD PRODUCED NO CHARACTER WITNESSES.

    In a prosecution for murder, it was reversible error for the prosecuting attorney to go outside the record, and, in his argument to the jury, comment on the fact that the defendant had not produced any character witnesses although she had resided in the city for five years.

2. SAME—PROSECUTING ATTORNEY'S DUTY TO PROTECT RIGHTS OF ACCUSED AS WELL AS THOSE OF ACCUSER.

    The prosecuting attorney should not forget that the defendant is entitled to a fair and impartial trial according to the law of the land, and that he owes it to the defendant as well as to the people to see that the rights of both are preserved and recognized.

Error to recorder's court of Detroit; Heston (Wil-

On comment on failure of defendant to produce witness as ground for reversal or new trial, see note in 34 L. R. A. (N. S.) 811.

On abuse of witness by counsel as ground for new trial or reversal, see note in 4 A. L. R. 414.

226—Mich.—18.

liam M.), J.    Submitted January 17, 1924.    (Docket
No. 127.)    Decided March 5, 1924.

Sarah Elizabeth Lewen, *alias* Madam LeGrande, was
convicted of murder in the first degree, and sentenced
to imprisonment for life in the Detroit house of cor-
rection.    Reversed.

*John A. Collins* (*Edward G. Kemp*, of counsel), for
appellant.

*Andrew B. Dougherty*, Attorney General, *Paul W.
Voorhies*, Prosecuting Attorney, and *Ralph B. Clark*,
Assistant Prosecuting Attorney, for the people.

FELLOWS, J.    Defendant by this writ of error re-
views her conviction of murder in the first degree.
We shall consider only the assignments of error deal-
ing with the argument of the prosecuting attorney.
In his closing argument the prosecuting attorney,
among other things, said:

"And another thing, gentlemen, that has struck me
in connection with the trial of this matter, is this
respondent comes here and asks for sympathy and pity
and mercy from you.    She says that she has lived
here for five years or thereabouts, and yet there has
not been one single witness produced here to testify
as to her character or as to her reputation for truth
and veracity, not a single one.
   "*Mr. Collins:* I take exception to that remark.
   "*Mr. Voorhies:* Gentlemen of the jury, it is passing
strange that has not been brought out here.    I don't
know why it is true, and I cannot urge to you why it
is true, but I have my own ideas of why it is true,
and I think you have your own ideas, too.
   "*Mr. Collins:* I take exceptions to that remark."

Nothing was said by the trial judge either when
objection was made to the argument or in his charge
to counteract the effect of these statements.    In *People*

v. *Evans,* 72 Mich. 367, precisely the same line of argument was before this court and it was there said:

"Much other language of like character was indulged in by the counsel for the prosecution in his closing remarks to the jury.   These remarks were permitted by the court under objection of counsel for respondent.   This certainly was error of the gravest character. No presumption of guilt arises from the fact that a person, when on trial for a crime, fails to call witnesses in support of his good character.   This is a privilege which the accused may avail himself of if he chooses.   If a person on trial for an alleged offense offers no evidence of his good character, no legal inference can arise from such omission that he is guilty of the offense charged, or that his character is bad.   Whart. Crim. Ev. (8th Ed.) § 62.   The court should not have permitted such an argument to the jury.   The jury, while deliberating on their verdict, have no right to take into consideration the fact that respondent failed to call witnesses in support of his good character, and weigh it against him as testimony in any manner to establish guilt.   1 Bish. Crim. Proc. (3d Ed.) § 1119.

"The error was not cured by the court afterwards instructing the jury that they should not consider such argument.   *   *   *

"It cannot matter whether these safeguards are thrown around the accused by statute or by the common law, to the end that he have a fair and impartial trial.   It was gross error for the prosecution to indulge in such remarks, and the error was not cured by the charge of the court."

This case has stood as the law on the subject without question for over 35 years, and has never been deviated from, although in *People* v. *Oblaser,* 104 Mich. 579, we refused to reverse the case where defendant's counsel had invited the argument and the prosecutor replied:

"He says this man has as good a record as any one in the court-room.   Why don't he show it?"

In *People* v. *Boske,* 221 Mich. 129 (decided only a

little over a year ago), the same argument of the prosecuting attorney was again before the court. In that case an attempt had been made by the court to cure the error. We there felt bound by what had been said in the *Evans Case* and were constrained to reverse the case for this error. It was there said by Mr. Justice STEERE, speaking for the court:

"It is a well-settled rule that an accused's character or reputation cannot be put in issue by the State and an equally well-settled corollary that the prosecutor may not comment on the failure to call witnesses to sustain his character, unless his counsel is so indiscreet as to invite it by making assertions on the subject outside the record. *People* v. *Oblaser*, 104 Mich. 579. And where such unprovoked comments are made by the prosecutor it was said in *People* v. *Evans*, 72 Mich. 367, 382: 'The error was not cured by the court afterwards instructing the jury that they should not consider such argument.' *Vide*, also, *Quinn* v. *People*, 123 Ill. 333 (15 N. E. 46). No inference can arise against an accused that he is guilty of the offense charged because he offers no evidence of his good character. In view of what occurred the jury should at least have been so instructed."

In the case of *People* v. *Osborn*, 205 Mich. 531, this court pointed out that there are two lines of cases dealing with the conduct of prosecuting attorneys in the trial of criminal cases; one line where the error is of such a character as can be and is cured; the other where the conduct is such as can not be cured. By the *Evans* and *Boske Cases* the argument here under consideration has been placed in the category of prejudicial, reversible error, and no attempt was here made as was made in both of those cases to cure the error. Unless we are prepared to overrule these cases the instant case must be reversed. We are not disposed to question the correctness of decision in these cases. Some allowance must be made for the zeal of counsel and the prosecuting attorney must be permitted to

analyze the testimony and array and marshal the facts as forcefully as he may desire.     But he should not go outside the record or forget that the defendant is entitled to a fair and impartial trial according to the law of the land, and that he owes it to the defendant as well as to the people to see that the rights of both are preserved and recognized.

The other assignments of error have been examined. They are without merit.

The case must be reversed, and a new trial granted.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.